# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Orlando Division

## CASE NO.: 6:18-mc-14-Orl-31DCI

In Re: ADA cases

## MICHAEL D. CHRISTINE, ESQ.'S RESPONSE
## TO ORDER TO SHOW CAUSE [D.E. 4]

The undersigned counsel Michael D. Christine, ESQ (**"Counsel"**), hereby responds to the Court's Order to Show Cause [DE 4] (the **"Order"**), and states as follows:

### Why Counsel and the Firm Repeatedly Failed to Comply with the Court's Orders and the Rules of the Middle District of Florida

Undersigned counsel was admitted to the Middle District of Florida on December 11, 2018. The Court states that undersigned counsel has been subject to eight (8) Negative Orders, however seven (7) of the eight negative orders, occurred prior to undersigned counsel being admitted to the Middle District. Undersigned was subject to one (1) Order to Show Cause in *Longhini v. Rayan and Associates, Inc.; Fl Sakura Asian Fusion, Inc.* Case No.: 17-cv-1016. Here, the Court issued an order to show cause on January 9, 2018 for failure of Plaintiff to file a Final Default Judgment against Defendants. On or about January 19, 2018, Undersigned Counsel inherited this matter and made his appearance on the case ten (10) days after the Order was issued. On January 22, 2018, undersigned counsel submitted a response to the order to show cause as well as submitted the missing default that was the initial reason for the Court's Order. Although there is never a reasonable excuse for failing to comply with Court imposed deadlines, the Undersigned has done all that he can to bring the firm into compliance with the Court's Orders.

### What Sanctions Can and Should be Imposed as a Result of those Failures

The Court has broad discretion to sanction an attorney for failing to abide by orders. Fed. R. Civ. P. 16(f); *see also*, e.g., *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir.1993)

("District courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders ..."). As undersigned stated above, the only order to show cause issued after being admitted to the Middle District, came prior making an appearance on the case. Once undersigned appeared on the case, the order was responded to and the issue was mitigated. Since inheriting many of the filed middle district cases, the undersigned has worked vigorously with the support of the firm to bring these cases into compliance with all the Court's orders.

## Why Counsel Should Not Be Banned From Filing Additional ADA Cases before the Court

Undersigned counsel has worked diligently to ensure total compliance with all Court orders. In 2018, Undersigned has only filed one new ADA related case within the Middle District. Although this number is low, undersigned may be asked to represent an individual with a disability in the Middle District at some point in the future. In the interest of justice, undersigned pleads that this Court not ban undersigned from filing cases in this District.

## In the Alternative, what steps can and will be taken immediately to ensure future compliance with this Court's Orders and rules of this Court

As previously stated the Undersigned, FLA and current attorneys and staff have minimized the cases filed to ensure future compliance. FLA's current associates, undersigned and William T. Leveille, Esq., have effectively litigated and brought the current cases up to date in compliance with the Court's ADA Scheduling Order. Additionally, FLA has hired additional staff to ensure compliance with this Court's ADA Scheduling Order and local rules. Currently the firm has ( **insert number**) of Title III active cases in the Middle District, all of which have been brought into compliance with the Court's ADA Scheduling Order. The two current associates routinely review the cases with their assistants and interns, including holding weekly calendaring meetings ensuring all deadline are known and met. The current assistants to the attorney's calendar every

deadline as Order's come in, and the attorney assigned to the case, reviews and ensure the correct date is calendared.

WHEREFORE, undersigned requests that this Honorable Court not discipline nor enter sanctions against him or his firm and that undersigned be excused from any further proceedings.

Dated this 25th day of May, 2018.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　By:　　s/ Michael Damian Christine
　　　　　　　　　　　　　　　　　　　　　　　Michael Damian Christine, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Fla Bar. No.: 1003853
　　　　　　　　　　　　　　　　　　　　　　　**FEDERAL LEGAL ADVOCATES**
　　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　4300 Biscayne Boulevard, Suite 305
　　　　　　　　　　　　　　　　　　　　　　　Miami, Florida 33137
　　　　　　　　　　　　　　　　　　　　　　　Telephone:　　(305) 717-7530
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:　　(305) 717-7539
　　　　　　　　　　　　　　　　　　　　　　　Primary e-mail: MChristine@fed-legal.com
　　　　　　　　　　　　　　　　　　　　　　　Secondary e-mail: service.fda@jltrial.com