UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No: 6:18-mc-14-GAP-DCI

**In Re: ADA cases**,

_____

**RESPONSE OF PHILIP MICHAEL CULLEN, III TO COURT ORDER**

Philip Michael Cullen, III, responds as follows to this Court's Order to Show

Cause [D.E. 4].

The undersigned acknowledges that one instance of non-observance of Court

directives is one too many, is embarrassed to have found his name on this Court's order, and

apologizes to the Court. While affiliated with Thomas B. Bacon, P.A., the undersigned had, at all

times, maintained an independent practice and has been solely responsible for the day-to-day

handling of his caseload, including properly calendaring all deadlines and dates, complying with

all court orders, and otherwise dealing with matters where he was the attorney of record. At the

time of this Court's original order [D.E.1], the undersigned employed a dual calendaring system

and reviewed all files monthly in an effort to insure that deadlines were appropriately noted.

Immediately upon receipt of that order, the undersigned suspended filing or accepting new

A.D.A. cases pending a review of all such matters. In addition, and in an attempt to eliminate

any future issues, files are now reviewed on a bi-monthly basis. Finally, and in addition to his

own calendaring system, the undersigned now participates in a computer docketing system

initiated by Thomas B. Bacon, P.A. That allows for a redundancy that did not previously exist.

As is discussed more fully below, the list of "negative orders" charged to the

undersigned include an order to show cause directed to the *Defendant* in a case in which the

1

undersigned represented the *Plaintiff*, and seven (7) orders ruling on the merits of motions. With respect to other matters in which there was fault, to any degree, on the part of the undersigned, those errors, spread over a period of five years, were the result of calendaring errors, or simple oversight.

With respect to the matters about which the Court had specific questions, Item 18: case no:13-cv-165[DE 14]; 6/5/2103, erroneously identified on the Court's list as an order, is, in fact, a *Defendant's* certificate of interested persons. The docket does not show any activity on June 5, 2013, the date appearing on the list. Item 186: case no: 17-cv-591 [DE 15]; is an order to show cause directed to the *Defendant.* There is no basis on which the undersigned is responsible for either of those items.

An additional seven (7) items are rulings on the merits of various motions. Item 56: case no: 16-cv-1849 [D.E 19](granting motion to dismiss with leave to amend), Item  72: case no: 16-cv-2208 [D.E. 37](granting in part and denying in part, motion to dismiss with leave to amend), Item 198: case no: 17-cv-74 (construing motion to dismiss as presenting a factual attack on jurisdiction and granting same); Items 203 & 204: case no: 17-cv-89 [D.E. 34 & 35](granting in part and denying in part, motion to dismiss); Item 205: case no: 17-cv-89 [D.E. 46](construing motion to dismiss as presenting a factual attack on jurisdiction and granting same).

While not prevailing on a motion to dismiss is "negative," the fact that, in a particular instance, the Court did not agree with the arguments a party advanced, or found against that party on the facts, is not evidence of anything improper let alone sanctionable misconduct. As noted, two orders granted the motion only in part, and two did so only after

2

considering additional factual material. A detailed treatment of the legal issues involved is set forth in the Response of Thomas B. Bacon, and Thomas B. Bacon, P.A., at pages 11-22; also, Response of Anthony J. Perez [D.E. 13, p.8-10].

Item 24: case no: 13-cv-505 [D.E. 13] is an order denying a motion for clerk's default). The address of the registered agent was a private mailbox located at a UPS store. Plaintiff filed a standard motion for clerk's entry of default - which was entirely warranted under F.S.A. 48.031(6)(a).[1] The order at issue was a denial of Plaintiff's motion for default for not filing a memorandum. Given that service pursuant to F.S.A.48.031(6)(a), may not be all that common, the undersigned has found no authority requiring a motion for a clerk's default be accompanied by a memorandum. A renewed motion explaining why service was proper was filed and a default duly entered.

None of the cases identified above reflect anything improper on the part of the Undersigned and certainly nothing sanctionable.

Item 187: case no: 17-cv-593 [D.E. 15] is a Court order inquiring about the status of mediation. The conference had been noticed on August 15, 2017. Mediation was to take place in Melbourne on September 16, 2017. With Hurricane Irma approaching, the parties, and the mediator concluded that the only responsible thing to do was reschedule. [D.E. 16]. Given the effects of Irma, it was weeks before all concerned were in a position to move forward. The Court

---

[1]F.S.A. 48.031(6)(a) provides: If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

was so advised and mediation rescheduled [D.E. 16]. No sanctions were imposed.

Item 207: case no: 17-cv-90 [D.E.] 30. Here, the Court issued a Show Cause order in September for failure to select a mediator. Both parties responded advising the court that the case had already been mediated in June [D.E.31 & 32] and that a mediation report had been filed in July [D.E. 19, 20].  No sanctions were imposed.

Again, neither order evidences any impropriety let alone sanctionable misconduct.

Item 57: case no: 16-cv-1851 [D.E. 10]. In this case, the Court entered an A.D.A. Scheduling Order. As is currently material, that order said: "*unless sooner settled*, a status conference is set ...." (Italics added).  The case settled, the Court duly notified, and reading the order to mean that the status conference would go forward only in the event the case were not "sooner settled," neither attorney attended. Counsel for both parties jointly filed a response to the Court's order to show cause – directed to both – stating that they read the order as requiring attendance only if the case were not settled. Because the Court viewed the matter differently does not give rise to sanctionable misconduct – something that can be inferred from the fact that the presiding Judge sanctioned no one.

Item 23: case no: 13-505 [D.E. 8]; Item 71: case no: 16-cv-2208 [D.E. 11]; and item 116: case no: 17-1315, all grew out of problems serving the defendant. The first case involved problems locating the Defendant and service only recently been effected [D.E. 9]. The second case also involved difficulties locating the Defendant. The Plaintiff had previously filed a notice that the summons had returned unexecuted on May 9, 2017, [D.E. 10].  The Plaintiff's response to the Court's order to show cause explained that repeated attempts at service were

unsuccessful, that an alias summons had been issued, but not yet acknowledged by the Secretary of State [D.E. 13]. The Court therefore discharged the Show Cause Order [D.E. 14]. The undersigned does not dispute that motions seeking extensions would have been appropriate but notes that in neither of those cases were sanctions imposed.

Two items 134: case no: 17-cv-207 [D.E. 7] and Item 217: case no: 18-cv-322 [D.E. 5], involved cases inadvertently filed in the incorrect division. The latter order is one simply transferring the case. Item 55: case no: 16-cv-1849 [D.E. 16] struck an amended complaint as untimely. Thereafter, the Court dismissed the original complaint [D.E. 20]. The plaintiff filed a timely amended complaint [D.E. 22], which the Court sustained. Item 117: case no: 17-cv-1315 [D.E. 10] was an order denying a motion for entry of a default due to an incomplete return. No sanctions were imposed with respect to any of those matters.

Item 142: case no: 17-cv-2157 [D.E. 17] denied a motion for additional time under Local Rule 3.01(g) and because the motion had become moot. Item 26: case no: 13-cv-955 [D.E. 22] and Item 204: case no: 17-cv-89 [D.E. 42], denied motions without prejudice interpreting Local Rule 3.01(g)  as "requir[ing] a substantive conversation *in person or by telephone ...* and not envisioning *"an email, fax or letter"* 13-cv-955 [D.E. 22](italics added); also; 17-cv-89 [D.E. 42]. Rule 3.01(g), itself, contains no such restriction. Nor is the practice consistent throughout the Middle District. For example, in *Kennedy v. Core Hotels*, case no: 2:18-cv-262-UA-MRM (M.D. Fla), the Magistrate Judge granted a defense motion for additional time [D.E. 14] where the Rule 3.01(g) certification read:

> "I hereby certify that counsel for the movant has conferred with counsel for Plaintiff in a good faith effort to resolve the issues and Plaintiff has not responded to same"

[D.E. 11].

In view of the plain language of the Rule, and the practices of different Magistrate Judges, not conferring enough should not be considered sanctionable.

Conferring requires cooperation of the other side. Given the limited nature of the relief afforded by the A.D.A., defendants have an incentive to procrastinate while engaging in remediation in an effort to avoid having to pay the Plaintiff's attorney's fees and costs, *Payne v. Toys "R" Us-Delaware, Inc*., case no: 9:15-cv-80497-JIC (S.D. Fla. 2015), at 4.  While plaintiffs' counsel, the undersigned included, remain responsible for their own compliance with Court directives, a futile attempt to confer with a recalcitrant defendant, can, in the A.D.A. context, easily contribute to missed deadlines or denied motions, *see,* Response of Federal legal Advocates, LLC., etc., [D.E. 11, at 2-3](describing defendants' abuse of professional courtesy and the A.D.A. order); Response of Anthony J. Perez, [D.E. 13, at 3](noting the lack of cooperation of defense counsel); Response of Alfredo M. Garcia-Medocal, [D.E. 14, at 2](same).

The remaining items concern not filing answers to court interrogatories, certificates of interested persons, statements of related cases, a notice of settlement, and in one instance, a case management report in a timely fashion. Two final matters involved not attending a status conference and mediation in an unrelated case. In all instances concerning filings, the submission of the document at issue promptly followed the Court's order. No sanctions were imposed with the exception of the mediation. That sanction was paid.

In summary, as is currently material, two of the items identified on Exhibit 1 do not involve the undersigned. Of those two, one was an order to show cause directed to the *Defendant* in a case where the undersigned represented the *Plaintiff.* Seven items are rulings on

6

the merits of various motions. One item was an order resulting from a hurricane, another from an order which both attorneys read as meaning exactly what it said, and a third appears to have resulted from the Court's not realizing that the parties had already complied with the mediation order and filed a notice reflecting the same. Three items involved not conferring enough under an interpretation of Local Rule 3.01(g) the language of that Rule does not require. Three involved problems with service of process and two concerned cases being filed in the wrong division. In the case of all matters, including the remaining nine, upon issuance of an order, the oversight was remedied promptly.

To the extent the items attributed to the undersigned identified above, involved non-compliance with Court orders, the incidents occurred over a five year period during which time the undersigned represented plaintiffs in over two hundred A.D.A. cases in this district. None of the presiding Judges in those cases imposed sanctions with one exception and that was five years ago. As stated at the outset, the Undersigned does not dispute that one incidence of non-compliance with a Court order for any reason is one too many. That having been said, and given the number of cases and the time frame, those orders, even collectively, do not represent a pattern of misconduct warranting sanctions. As also stated at the outset, the Undersigned has instituted additional procedures to insure than issues such as those addressed in this response do not occur in the future.

It is respectfully requested that, as to the Undersigned, the order to show cause be discharged.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on May 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

s/ *Philip Michael Cullen, III*
Fla. Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
CULLENIII@aol.com