**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No: 6:18-mc-14-GAP-DCI

**In Re: ADA cases**,

_____

**OBJECTION  OF PHILIP MICHAEL CULLEN, III TO REPORT AND**
**RECOMMENDATIONS AND REQUEST FOR CLARIFICATION**

Philip Michael Cullen, III, hereby objects to the Report and Recommendations

[D.E. 46] (the "Report") as the same pertain to him for the reasons set forth below. In summary

form, it is respectfully submitted that the Court and the Magistrate Judge lacked jurisdiction in

whole or in part, that the findings do not support the result, and that the recommendations exceed

the scope of the findings.

**I. SUMMARY CASE STATEMENT.**

On February 2, 2018, Judge Roy B. Dalton, Jr., issued an order directing the

initiation of these proceedings. Senior Judge Gregory A. Presnell was to preside and the matter

was referred to Magistrate Judge Daniel C. Irick to issue an appropriate order to show cause

concerning what was described as counsels' "routinely fail[ing] to comply with the Court's

orders" [D.E. 1].  After quoting Judge Dalton's language [D.E. 4, p. 1], the order to show cause

expanded the scope of Judge Dalton's directive to include what were collectively described as

"negative orders" [D.E. 4, p. 2]. In addition to non-compliance with "orders," non-compliance

with court rules [D.E. 4, p. 2], and what was characterized as the "repeated filing of vague,

boiler-plate complaints – often improperly joining multiple defendants – that fail to comply with

the Federal Rules of Civil Procedure despite negative orders directed to those deficient

1

pleadings" were brought within the broadening scope of the inquiry [D.E. 4, p. 2-3]. With

respect to the thirty-one (31) negative orders attributed to the undersigned, and leaving out two

which the undersigned had no connection at all [D.E. 15, p. 1-2], and one which was apparently

the result of the Court's oversight [D.E. 15, p. 4], seven (7) of those "negative orders" were

rulings on the merits of various motions.

On November 13, 2018, the Magistrate Judge issued the Report. The basis for

those recommendations was not simply non-compliance with court orders but included the much

expanded category of "negative orders" [D.E. 46]. As the same pertain to the undersigned, the

Magistrate Judge recommended that, for a period of one year, a report be filed:

> each time a judge in this Division enters an order against them or their
> client that does any of the following based in whole or in part on a
> failure to comply with the Federal Rules of Civil Procedure, the Local
> Rules, or an order of the court: requires them or their client to show
> cause; strikes a filing; denies a motion; or dismisses a complaint or
> any claim therein ...

[D.E. 46, p. 21-22].

The Report goes on to recommend that the Magistrate Judge:

> be directed to conduct a review of the notices filed in this case and,
> based on the undersigned's review, enter a report and
> recommendation as to whether any further action should be taken ...

[D.E. 46, p. 22].

## II. THE REPORT EXCEEDED THE MAGISTRATE JUDGE'S JURISDICTION.

Objections to subject matter jurisdiction can be raised at any time by the parties or

the Court itself. Jurisdictional objections cannot be waived, *e.g., Gonzales v. Thaler*, 565 U.S.

134, 141( 2012); *Williams v.Chaten*, 501 F.3d 1290, 1293 (11th Cir. 2007). Within that context,

there is no question that "a *trial court* possesses the inherent power to discipline counsel,"

*Kleiner v. First National Bank*, 751 F.2d 1193, 1209 (11th Cir. 1985)(italics added). By

2

necessary implication, if nothing else, that power does not extend to members of the judiciary who are *not* the trial court, *cf.*, Local Rule 2.1( C), N.D. Fla.(defining "the Court" as "an assigned judge in a case"). Rule 6.01 of this Court's Local Rules makes just that distinction between the Judges of the Middle District collectively and the trial Judge. The pertinent portion of rule 6.01 provides that Magistrate Judges are authorized "to perform any and all additional duties, as may be assigned to them from time to time by any judge of this court," Rule 6.01(a). Subsection (b) of that Rule reads:

> The assignment of duties to United States Magistrate Judges by the judges of the court may be made by *standing order* entered by the *resident judges in any division* of the Court; or by any *individual judge, in any case or cases assigned to him .....*

(italics added).

Judge who initiated these proceedings and who referred the matter to the Magistrate Judge was Judge Dalton. None of the cases involving the undersigned were assigned to him. Thus, under Local Rule 6.01(b), the Judge did not have the authority to authorize what amounts to a review of how other District Judges handled their cases. Such reviews are the exclusive preview of the Eleventh Circuit or the Supreme Court. Further, even one to assume that Judge Dalton's order were appropriate under Rule 6.01(b), that order directed the Magistrate Judge to issue an order to show cause addressed to what was described as "routinely fail[ing] to comply *with the Court's orders*" [D.E. 1](italics added). Notwithstanding his acknowledgment of the "limited scope of these proceedings" [D.E. 46, p. 20], the Magistrate Judge enlarged the scope of the inquiry to include a broader class of "negative orders." With one exception, none of the District Judges assigned to cases involving the undersigned took any further action. Rule 6.01 does not authorize what amounts to a review of those results.

Further, the Judge to whom this matter is assigned is Judge Presnell, not Judge Dalton. Five of the cases involved in these proceedings were assigned to Judge Presnell (items 24, 72, 116, 134, & 217]. The latter, however, is not the Judge who made the Magistrate Judge assignment.

While one instance of non-compliance with a court order is one too many, addressing anything else exceeded the Magistrate Judge's jurisdiction even were one to assume that Judge Dalton had jurisdiction under Rule 6.01 in the first place.

## III. THE FACTS DO NOT ESTABLISH BAD FAITH.

Citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998), the factual predicate for the recommendations that follow required "a finding of bad faith" [D.E. 46, p. 5]. The record, at most, shows a total of thirty-one (31) "negative orders" involving a variety of matters spread over a period of five (5) years. Allowing for the fact that greater vigilance was certainly warranted, occasional neglect is a far cry from the bad faith standard the Magistrate Judge applied. Removing the two "negative orders" that did not involve the undersigned, one that appears to have been the result of judicial oversight, and the seven (7) involving adverse rulings on the merits, further erodes the factual basis for the recommendations.

## IV. THE RECOMMENDATIONS ARE OVERLY BROAD AND INFRINGE ON THE JURISDICTION OF DISTRICT JUDGES.

The Magistrate Judge's report identified "three areas of concern." Specifically, "1) the repeated failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders; 2) the filing of deficient pleadings and substantive motions; and 3) the use of ADA experts." The Magistrate Judge then recommended that "no action be taken against

4

the attorneys for the issues related to the second and third areas of concern [D.E. 46, p. 2].

The Magistrate Judge's specific recommendations, however, include a period of one (1) year during which the undersigned is required to:

> each time a judge in this Division enters an order against them or their client that does any of the following based in whole or in part on a failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court: requires them or their client to show cause; strikes a filing; *denies a motion; or dismisses a complaint or any claim therein* ...

[D.E. 46, p. 21-22](italics added).

The Report goes on to recommend that the Magistrate Judge:

> be directed to conduct a review of the notices filed in this case and, based on the undersigned's review, enter a report and recommendation as to whether any further action should be taken ...

[D.E. 46, p.  22].

As it pertains to anything other than a violation of a Court order, the Magistrate Judge's recommendations exceed any jurisdiction he may have had. Those additional recommendations exceed the limitation the Magistrate Judge imposed on the scope of the inquiry and are, therefore, unsupported by the Report. Further, having one count of a complaint dismissed with leave to amend could turn into sanctionable misconduct as could also result were a motion is denied on the merits but without prejudice. Worse still, it would place the Magistrate Judge in a position of revisiting the decisions of District Judges and, in the most extreme case, recommending the imposition of sanctions when the District Judge to whom a particular case was assigned did not see fit to do so. In view of the jurisdictional issues discussed above, were any reporting requirement imposed, it should be limited to cases in which there has been non-compliance with a court order. Anything more is likely to do nothing but chill zealous advocacy.

**V. CONCLUSION.**

5

No one questions the authority of a trial judge to address issues of misconduct on cases pending before that Judge. Nor does anyone question the authority of the Judges of the Middle District as a whole, to adopt Local Rules or procedures, for example, the ADA scheduling order employed by some Judges, to insure the efficient administration.

That having been said, for the reasons, and based on the authorities discussed above, it is respectfully submitted that Judge Dalton lacked jurisdiction to initiate these proceedings because he is not the Judge assigned to cases involving the undersigned and has no authority to authorize what amounts to a review of the conduct of other District Judges. Further, even if Judge Dalton could have initiated these proceedings under Local Rule 6.01(b), the Magistrate Judge lacked jurisdiction to expand the inquiry to consider anything beyond violations of court orders. The Report contains no findings of the bad faith the same Report recognizes as being required. For all or any of those reasons, the order to show cause should be discharged in whole or in part. To the extent that the Court does not discharge the Order to Show Cause, the  reporting requirements, if any, should be limited to those matters involving the violation of court orders.

**[CERTIFICATE OF SERVICE FOLLOWS]**

**I HEREBY CERTIFY** that, on November 27, 2018, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will automatically send

e-mail notification of such filing to the attorneys of record.

<div style="margin-left: 45%;">

s/ *Philip Michael Cullen, III*
Fla. Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
CULLENIII@aol.com

</div>