**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division**

**CASE NO.: 6:18-mc-14-Orl-31DCI**

In Re: ADA cases

### FEDERAL LEGAL ADVOCATES, LLC'S AND MARIO E. LOPEZ, ESQ.'S OBJECTION AND REQUEST FOR CLARIFICATION OF REPORT AND RECOMMENDATION [D.E. 46]

FEDERAL LEGAL ADVOCATES, LLC ("**FLA**"), and MARIO E. LOPEZ, ESQ. (**"LOPEZ"**), hereby object to the Report and Recommendation [D.E. 46] (the **"R&R"**) and request clarification of same and in support state:

1.  On November 13, 2018, the R&R was entered recommending that for the next twelve (12) months all three (3) of the attorneys of FLA file a notice in this case each time a judge in the Middle District enters an order against them or their client that does any of the following based in whole or in part on a failure to comply with the Federal Rules of Civil procedure, the Local Rules, or an order of the Court: requires them or their client to show cause; strikes a filing; denies a motion; or dismisses a complaint or any claim therein. The R&R requires this notice to be filed within seven (7) days of the entry of the negative order, [D.E. 46].

2.  The R&R further provides that after the 12-month period the Magistrate would review the notices and then enter a report and recommendation as to whether any further action should be taken against the FLA attorneys.

3.  FLA and LOPEZ object to the R&R and request clarification on three issues: (1) the Court's requirement to file notices regarding actions taken against their clients is not clearly defined; (2) the 7-day time limit within which to file the notice is unduly burdensome; and (3) the Court's 12-month reporting requirement is only against attorneys who still have active ADA cases in the Middle District, which FLA and LOPEZ will no longer have.

4. As to the first issue, the R&R's omission of a definition for "client" in lines 21-22 creates an issue in the following ways. FLA has represented Douglas Longhini and Patricia Kennedy in the Middle District. However, Mr. Longhini and Ms. Kennedy are represented by multiple law firms and have received Orders to Show Cause in cases in which FLA did not represent them. To illustrate the issue further, Mr. Longhini is a plaintiff in over 60 Middle District cases in which neither FLA nor LOPEZ are the attorney of record. As the language in the R&R stands, the R&R would require FLA to monitor every single case in which Mr. Longhini and Ms. Kennedy are parties, regardless of their representation, to report any negative orders entered against them.

5. Currently, FLA and LOPEZ are in the process of resolving all ADA Middle District cases and have no intention of filing any other ADA cases in the Middle District. Accordingly, the language of the R&R would inappropriately force FLA and LOPEZ to continue to file documents in the Middle District even after they are no longer an attorney of record in an ADA case in the Middle District and even in those cases in which neither FLA nor LOPEZ represent said clients. This result seems unintended, which is why the undersigned seeks a clarification of the R&R.

6. FLA and LOPEZ seek a clarification that they are required to report only on cases in which they are the attorney of record and not on cases in which other lawyers or law firms are representing the same clients.

7. As to the second issue, in the event the first issue is not addressed, then FLA and LOPEZ would have the undue burden for the next twelve (12) months to search PACER at least weekly to determine if any negative order has been entered against their "client" regardless of who represents them.

8. As to the third and final issue, the R&R reasons that the additional monitoring is directed toward ADA cases in the Middle District. The R&R states that these proceedings were

focused on the conduct of attorneys who routinely file ADA cases in the Division and has not required monitoring of attorneys that will no longer file ADA cases in the Middle District. Neither FLA nor LOPEZ will be filing any more ADA cases in the Middle District. Accordingly, FLA and LOPEZ request the Court not impose the monitoring requirement on them based on this fact, which would be consistent with the R&R not requiring monitoring from the other attorneys no longer handling ADA cases in the Middle District.

WHEREFORE, FLA and LOPEZ object and request clarification of the R&R based on the foregoing reasons and seek that the Court not require monitoring of them or in the alternative define the term client and limit its scope only to cases in which either FLA or LOPEZ are the attorney of record for said client in an ADA case in the Middle District.

Dated: November 27, 2018	Respectfully submitted,

By: /s/ Mario E. Lopez
Mario E Lopez, Esq.
Fla Bar. No.: 98061
**FEDERAL LEGAL ADVOCATES**
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:   (305) 717-7530
Facsimile:    (305) 717-7539
Primary e-mail: mlopez@justice360.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 27, 2017, a true and correct copy of the foregoing was served via CM/ECF to all parties.

By: s/ Mario E. Lopez
Mario E. Lopez, Esq.
Fla Bar. No.: 98061