UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: ADA CASES  Case No. 6:18-mc-14-Orl-31DCI

_____

## **ORDER**

The Undersigned initiated this action on February 20, 2018 due to the routine failure of counsel of the law firm of Thomas B. Bacon, P.A. to comply with Court orders in litigation involving the Americans with Disabilities Act ("**ADA**"). (Doc. 1, p. 1; *see also* Docs. 2–3 (adding more attorneys litigating ADA cases in this District).) Accordingly, the Undersigned directed the Clerk to open a miscellaneous case over which U.S. District Judge Gregory A. Presnell will preside and referred the matter to U.S. Magistrate Judge Daniel C. Irick for issuance of an appropriate show cause order and recommendation to the Court. (Doc. 1, p. 2.) Magistrate Judge Irick then ordered all counsel in this case to individually show cause in writing: (1) why they repeatedly fail to comply with the Court's orders and rules of this Court; (2) what sanctions can or should be imposed as a result; (3) why counsel should not be banned from filing additional ADA cases before this Court; and (4) in the alternative, what steps can and will be taken immediately to ensure future compliance with this Court's orders and rules. (*See* Doc. 4, p. 5.)

After responses from counsel and multiple show cause hearings (*see* Docs. 5–6, 9–22, 34–41), Magistrate Judge Irick issued a report on November 11, 2018 that identified three areas of concern. (*See* Doc. 46 ("**R&R**").) He recommended additional actions be

taken to ensure counsel will comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders, including admonishing certain counsel and subjecting some to temporary Court oversight. (*See id.* at 7–21.) Mr. Philip Michael Cullen, III then objected to the R&R on several grounds, one of which challenged the Undersigned's "authority to authorize what amounts to a review of how other District Judges handled their cases. Such reviews are the exclusive preview of the Eleventh Circuit or the Supreme Court." (Doc. 49, pp. 3–4 ("**Objection**").) This Order follows.

As Magistrate Judge Irick correctly pointed out in his R&R, this Court has authority to conduct these proceedings based on: (1) the inherent power possessed by the Court to manage its affairs and to sanction and discipline errant attorneys; and (2) the Local Rules, which dictate that any attorney appearing before this Court, after hearing and for good cause, may be disciplined as the Court deems proper. (*See* Doc. 46, pp. 5–6 (citing *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1209 (11th Cir. 1985); then citing Local Rule 2.04(a)).) Contrary to Mr. Cullen's assertion, this action is not proceeding as "a review of how other District Judges handled their cases" (*see* Doc. 49, p. 3); rather, this action is premised on the Court's inherent power to manage its affairs to orderly and expeditiously resolve cases before it. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962).

Indeed, for centuries "[i]t has . . . been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)). As a result, "Courts of justice are universally

acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821). "These powers are 'governed not by rule or statute but by the very control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers*, 501 U.S. at 43 (quoting *Link*, 370 U.S. at 631); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–93 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

> In discussing the scope of these powers, the Supreme Court has said:
>
> Although this Court has never precisely delineated the outer boundaries of a district court's inherent powers, the Court has recognized certain limits on those powers. First, the exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice. Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute.

*Dietz*, 136 S. Ct. at 1891–92 (2016) (citations omitted). Here, the Undersigned's initiation of the instant action falls squarely within such bounds as both a reasonable response to a specific problem and a response consistent with all rules and statutes. *See id.*

The Undersigned and the other U.S. District Judges in the Middle District of Florida are presiding over caseloads well in excess of the national average. As the R&R makes clear, the conduct of Mr. Cullen and many other lawyers litigating ADA cases in this Court has involved "the repeated failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders" as well as "the filing of consistently

deficient pleadings and substantive motions." (Doc. 46, p. 6.) It goes without saying that the frequency and quantity of these issues have caused an unnecessary waste of judicial resources to fix these problems and delays in the resolution of these ADA cases (and consequently, all other cases before this Court). With "a view toward the efficient and expedient resolution of cases," *see Dietz*, 136 S. Ct. at 1892, the initiation of these proceedings was not only permissible but also necessary. Thus, Mr. Cullen's Objection is due to be overruled.

Moreover, to the extent Mr. Cullen's Objection is also challenging the Undersigned's assignment of this case to Judge Presnell and Magistrate Judge Irick, it fares no better. Under Local Rule 6.01(b), on which Mr. Cullen relies:

> The assignment of duties to United States Magistrate Judges by the judges of the Court may be made by standing order entered jointly by the resident judges in any Division of the Court; or by any individual judge, in any case or cases assigned to him, through written order or oral directive made or given with respect to such case or cases.

Of course, this Local Rule does not exist in a vacuum. It must be read in conjunction with all others. So that the Undersigned, not Judge Presnell, referred the matter to Magistrate Judge Irick makes no difference. *See L*ocal Rule 1.01(c) ("When a judge of this Court in a specific case issues any order which is not consistent with these rules, such order shall constitute a suspension of the rules with respect to the case only, and only to the extent that such order is inconsistent with the rules."); c*f. United States v. Musselwhite*, 709 F. App'x 958, 968 (11th Cir. 2017)[1] ("Though we agree that this case traveled an irregular

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*,


path, we see no error in Judge Jarvey's decision to review the orders entered by Judge Dalton and subsequently adopted those orders as his own."). Although Mr. Cullen may take issue with Magistrate Judge Irick's recommendations, he lacks foundation to do so based on the authority of the Undersigned in referring the matter to Magistrate Judge Irick for an appropriate show cause order and recommendation to the Court.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. To the extent the Objection of Philip Michael Cullen, III to Report and Recommendations and Request for Clarification (Doc. 49) challenges the Undersigned's authority to initiate this case and assign it to other judges for recommendation and resolution, it is **OVERRULED.**

2. All remaining objections will be handled by U.S. District Judge Gregory A. Presnell.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 24, 2019.



ROY B. DALTON JR.
United States District Judge

---

686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

[2] The same is true for the Undersigned's assignment of this case to Judge Presnell. *See* Local Rule 1.03(b) ("Each case... shall be assigned by the Clerk to an individual judge of the Court who shall thereafter be the presiding judge with respect to that case."); Local Rule 1.03(d) ("The judge to whom any case is assigned may, at any time, reassign the case to any other consenting judge for any limited purpose or for all further purposes."); Local Rule 1.01(c) (noting that any order inconsistent with the Local Rules "shall constitute a suspension of the rules"); *see also Musselwhite*, 709 F. App'x at 967 (discussing the discretion of this Court in the assignment and transfer of cases).

Copies to:
Counsel of Record
U.S. District Judge Gregory A. Presnell